IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RODRIGO CAMPUSANO,

   Movant,

vs.

   CIVIL NO. 10-1392 (CCC)
   (Related to Cr. No. 01-520 (CCC))

UNITED STATES OF AMERICA,

   Respondent.  /

## RODRIGO CAMPUSANO'S MOTION TO EXPAND THE RECORD PURSUANT TO RULE 7 GOVERNING 28 U.S.C. § 2255 PROCEEDINGS

TO THE HONORABLE COURT:

COMES NOW the Movant, RODRIGO CAMPUSANO, pro se, and hereby respectfully moves this Honorable Court, pursuant to Rule 7(b) governing Section 2255 proceedings, to expand the record with a recently obtained document which conclusively proves that counsel rendered prejudicial deficient performance in failing to advise Campusano that he could make any counteroffers to the government's 48 month plea offer. See § 2255 Ground Five at 33; and Reply at 18-20.

Said document is irrefutable, since it is a letter (dated September 24, 2001) that was authored by AUSA Aixa Maldonado-Quinones and addressed to all defense counsels. See EXHIBIT A. This letter proves not only that the government was willing to accept counteroffers, but also that counsel failed to advise Campusano that a counteroffer could be made as argued in his § 2255 (Ground Five) at 33. See also reply at 18-20.

1

Additionally, Movant requests this Court to expand the record to include a letter dated September 8, 2002, which was authored by Movant's codefendant, Nolgie Rodriguez, and addressed to his attorney Romo Matienza. Said letter states, in no uncertain terms, that Movant was willing to negotiate with the government and plead guilty. See EXHIBIT B.

In the letter Mr. Rodriguez informs his attorney that he spoke to Movant and that Movant was willing to plead guilty to a negotiated sentence of 18 to 24 months. Id. As such, said letter provides **objective** proof not only of Movant's willingness to enter into negotiations with the government--and to make counter-offers, but also (and most importantly) irrefutable and objective proof that he would have plead guilty had counsel entered into negotiations with the government, made a counteroffer, or simply advising that it was in his best interest to plead guilty. See § 2255 (Ground Five) at 33; and Reply at 18-20.

**WHEREFORE** for the foregoing reasons, Movant respectfully moves this Honorable Court to expand the record with the above two recently retained documents, which could not have been obtained sooner because Movant did not have access to them (and were only recently obtained through the services of Mr. Rodriguez' paralegal), and allow that the documents be made part of the instant proceedings.

Respectfully submitted,

*/s/ Rodrigo Campusano*
Rodrigo Campusano
Reg. No. # 22204-069
FCC Coleman LOW (B-1)
P.O. Box 1031
Coleman, FL 33521-1031

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was mailed this 16th day of December, 2010, to AUSA Nelson Perez-Sosa, Room 1201, 350 Carlos Chardon Street, Hato Rey, PR 00918, via U.S. Mail.

*Rodrigo Campuzano.*
Rodrigo Campusano



U.S. Department of Justice

**Guillermo Gil**
United States Attorney
District of Puerto Rico

Federico Degetau Federal Building, Room 452   (787) 766-5656
Carlos Chardon Avenue
Hato Rey, Puerto Rico 00918

September 24, 2001

**Jose C. Romo-Matienzo, Esq.**
(Attorney for Nolgie Rodríguez)
504 Carlota Matienzo Street
San Juan, Puerto Rico 00918-3229

**Lydia Lizarríbar, Esq.**
(Attorney for Rodrigo Camposano)
54 14 O'Neill Street, Suite A
Hato Rey, Puerto Rico 00918

**Johanny Plaza, Esq.**
(counsel for Jaime Pinillos)
Assistant Federal Public Defender
259 FD Roosevelt Avenue
Hato Rey, Puerto Rico 00918

Re:   United States v. Jaime Pinillos, et al.
      Criminal Case No. 01-520 (CCC)

Dear counsels:

On this date, I have spoken with Johanny Plaza, counsel for defendant Jaime Pinillos regarding the possibility of a meeting with her client, as suggested last Friday, September 21, 2001. Ms. Plaza has confirmed the suspicion that her client may suffer from schizophrenia, and is in dire need of a psychiatric evaluation, given his apparent inability to assist her in his defense. As such, the interview of her client Mr. Pinillos will be postponed until such time when he has been evaluated and the parties may ascertain whether Mr. Pinillos is in a position to speak with the undersigned.

In the time being, plea offers have been extended to co-defendants Nolgie Rodríguez-Samó and Rodrigo Camposano, which are based on the evidence supplied by the undercover agents who participated in the meetings with your clients. Please discuss these plea offers with the defendants and advise whether they are acceptable or if you wish to make any counteroffers.

*Exhibit A*

Letter - September 24, 2001
United States v. Jaime Pinillos, et al.
Criminal No. 01-520 (CCC)
Page 2

    Regarding the consensually recorded meetings and calls, on this date, I have spoken with the co-case agent and he has advised that he will make the necessary arrangements and contacts to procure the audio enhancement of the tapes subject of defendant Camposano's motion. We have been advised that such enhancement would take quite some time, however, given co-defendant Pinillos' condition, there might be sufficient time to obtain the required enhancement.

    Awaiting your response I remain,

                                        Respectfully,

                                        GUILLERMO GIL
                                        United States Attorney

                                        Aixa Maldonado-Quiñones
                                        Assistant U.S. Attorney

San Juan, Puerto Rico
Septiembre 8, 2002

Licenciado: Sr Romo Matienzo,
Abogado Defensor.

    Estimado SR, Romo.

    Con respeto me dirijo a Usted, para que cuando tenga la oportunidad mas reciente, venga a visitarme a M.D.C. Guaynabo, ya que me gustaría saber cuales an sido los resultados de sus conversaciones ultimas con la sr. Aixa Maldonado, al respeto de lo que usted vino hablar conmigo de un arreglo para mi, y los dos coacusados, Agosto 27, 2002. Ya que la sr. Aixa Maldonado, se había comunicado con usted el día anterior Agosto 26, 2002 para haber si se podía llegar a un acuerdo.

    Viernes Agosto 30, 2002 yo lo llame por la tarde y Usted dijo que vendría Lunes Septiembre 2, 2002. para hablar conmigo personalmente. Cuando usted vino haberme Lunes Septiembre 2, 2002. Yo le comente que si habia un arreglo razonable para mi, y los coacusados, con las condiciones que la sr. Aixa Maldonado y usted habían hablado, de un tiempo igual para los tres, con mis convicciones - plea cerrado, nosotros estariamos dispuestos firmal. Usted me comento que la sr. Aixa Maldonado, estaría dispuesta despues que los tres llegaramos al acuerdo, yo puse de mi parte y hable con los coacusados, ellos estarían de acuerdo si el tiempo que la fiscal nos diera fuera 18 meses Maximo 24 meses. **Exhibit B**

    Cuando hablamos Viernes Sept, 6 2002, no pudimos hablar en detalle ya que lo llame del telefono comun que las conversaciones son →

lla paso el tiempo que la Juez Cerezo, le dio en su Orden. No le demos Oportunidad al gobierno para que haga lo que le da la gana. Por favor.

Gracias Por toda su hayuda, Que Dios lo Bendiga a Usted y familia, y su Equipo de Trabajo.

Attentamente

*[signature]*

Idea: Lydia Tiene los 3 videos las copias que nos dieron, cuando vallan a Fiscal comparen con Originales, para que vean, que nuestras copias estan Editada, O puedes ser que Originales esten Editadas para muestral lo que ellos quieren.

⇔22204-069⇔
Rodrigo Campuzano
Federal Correction
Complex Low
P.O. Box 1031
Coleman, FL - 33521
United States



TAMPA FL 335
SAINT PETERSBURG FL
17 DEC 2010 PM 5 L

00918X1703

TO: CleRK's OFFice
uniTed STaTes DisTricT CourT
Room 150 Federal BLDG
San Juan, PueRTo Rico 00918-1767